**People of the State of Illinois, Plaintiff-Appellee, v. Roscoe Keeney, Defendant-Appellant.**

Gen. No. 10,958.

Fourth District.

June 19, 1968.

Emerson Baetz, of Alton, for appellant.

No brief filed or appearance made by appellee.

CRAVEN, J., delivered the opinion of the court.

The defendant-appellant was convicted in a bench trial of the crime of intimidation. (Ill Rev Stats 1965, c 38, § 12–6.) This appeal is from the conviction and the fine imposed of $25 and costs.

Briefly, the facts indicate that the defendant had purchased, apparently under a contract for deed, some lots in a subdivision known as Crystal Lake Subdivision in Jersey County. The testimony indicates that the title to the subdivision was held in a corporation and the corporation, in turn, was owned by two persons, a Mr. and Mrs. Randolph. The defendant received a notice of forfeiture of his interests under the contract by reason of non-payment of the specified contractual payments. Defend-

ant was of the firm impression that his payments were not only current but were more than required, and he insisted that he had made the payments to a person described as manager of the subdivision. This controversy between the parties resulted in a visit by the defendant to Mr. and Mrs. Randolph in April of 1966 and a demand by him that his prior payments be refunded. When this demand was rejected by the Randolphs, the defendant is alleged to have made certain threatening statements, threatening bodily harm to the Randolphs and to their property, including the subdivision.

The trial court, after making a summary recitation of the evidence, found the defendant guilty, although he expressed the thought that "I am not too well satisfied about it. . . ." He then pointed out, however, that one disinterested witness, by his testimony, established the fact of the verbal threats.

The issues on this appeal relate to the sufficiency of the evidence to establish the crime of intimidation and the defendant's guilt beyond a reasonable doubt. Unfortunately, there is no brief in this court on behalf of the People. We agree with the language of the court in People v. Spinelli, 83 Ill App2d 391, 393, 227 NE2d 779 (2nd Dist 1967), that the absence of such a brief leaves this court in the dual role of advocate and judge, a position abhorrent to any court. The failure of the People to file a brief here, as in Spinelli, leaves the judgment of the trial court without the support of brief and argument to which it is justly entitled.

Supreme Court Rule 341 (Ill Rev Stats 1967, c 110A, § 341) and its predecessor rule contemplate the filing of an appellee's brief. Failure to file the brief is an unfortunate circumstance. While we are not required to dismiss an appeal for failure to file a brief, in certain instances it may be appropriate, where the appellant has complied with all of the requirements to perfect an appeal and the appellee has done nothing, to

reverse the judgment appealed. Although, in certain instances, this court may well determine that justice requires a decision of the case on the merits notwithstanding the failure of the appellee to file a brief, we deem it to be a matter within the sound discretion of this court. See Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 212 NE2d 106 (2nd Dist 1965); Ogradney v. Daley, 60 Ill App2d 82, 208 NE2d 323 (1st Dist 1965).

The judgment of the circuit court of Jersey County is reversed.

Judgment reversed.

SMITH, P. J. and TRAPP, J., concur.