Jacob Oscar **BERG**, Plaintiff-Appellant,

v.

Casimir **CWIKLINSKI** and Charles J. O'Connor, Defendants-Appellees.

No. 16905.

United States Court of Appeals
Seventh Circuit.

July 30, 1969.

Rehearing Denied Nov. 7, 1969.

**930**

Jacob Oscar Berg, Chicago, Ill., for plaintiff-appellant.

Edward V. Hanrahan, Nicholas F. Trovato, Theodore Shapiro, Chicago, Ill., for defendant-appellee Casimir V. Cwiklinski; Daniel P. Coman, Chief of the Civil Division, Ronald Butler, Asst. State's Atty., of counsel.

Marvin E. Aspen, Howard C. Goldman, Raymond F. Simon, Corp. Counsel, Chicago, Ill., for defendant-appellee, Charles J. O'Connor.

Before KILEY and CUMMINGS, Circuit Judges, and ESCHBACH, District Judge.

KILEY, Circuit Judge.

This is a civil rights action[1] for recovery of $500,000 damages. The district court's judgment dismissed the suit. Plaintiff Berg has appealed. We affirm.

Defendants' motions to dismiss admit the following well-pleaded facts: Berg was a defendant in a traffic violation case before defendant Judge Cwiklinski at a morning session in the Municipal Court of Chicago. In the absence of the arresting officer to testify for the city, defendant O'Connor, the prosecuting attorney, sought to question Berg about the alleged violation. Berg refused to answer incriminating questions. He was ordered by the judge to do so, but persisted in his refusal. Upon O'Connor's recommendation, he was found in contempt of court, and held in custody until the afternoon when the judge dismissed the contempt upon the appearance of the missing officer. The case proceeded. Berg was found guilty and was fined.

In the case before us, Berg alleged this conduct of defendants leading to the contempt order was a misuse of state power under sham and pretense of authority depriving him of his Fourth and Fifth Amendment rights and equal protection of the law under the Fourteenth Amendment. Berg asserts that as a result he suffered loss of personal reputation and property, and frustration and mortification.

Berg appealed his conviction in the traffic case. City of Chicago v. Berg, 48 Ill.App.2d 251, 199 N.E.2d 49 (1964). There the court reversed, deciding the complaint was fundamentally erroneous and void *ab initio* because not brought in the name of the city.

The appellate court also discussed the contempt order against Berg. It found that the judge was "in error" in threatening contempt for Berg's justified re-

---

1. 42 U.S.C. §§ 1981, 1983, 1985(2), (3), 1988; 28 U.S.C. §§ 1331, 1343; 18 U.S.C. §§ 241, 242, 371.

fusal to answer the incriminating questions and in "depriving him of liberty."

We agree with those findings but do not agree with Berg that it follows from that decision that his complaint here states a valid civil rights claim.

██ Both defendants are immune from liability for acts done in performance of their judicial function. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Judge Cwiklinski had subject matter jurisdiction over the traffic violation case and therefore had a general power to hold a defendant in such a case in contempt.[2] This power is limited. A judge cannot use it to effectively strip away a defendant's right against self-incrimination. But however erroneous Judge Cwiklinski may have been in thinking that he had the power to order Berg to answer under threat of contempt, and hold him in contempt, he was nevertheless in performance of his judicial duties. He is protected by judicial immunity. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213 (1967); Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969).

In Spires v. Bottorf, 317 F.2d 273 (7th Cir. 1963), this court held the judge subject to liability for his extra-judicial conduct, not for performing his judicial function.

██ Defendant O'Connor is also immune. Phillips v. Nash, 311 F.2d 513, 516 (7th Cir. 1962). It is plain that he was in the performance of his official duty to prosecute complaints for traffic violations.

We see no error in the judgment of dismissal and reach no other point made in the appeal.

Affirmed.

---

2. The appellate court's dictum statement about a court's jurisdiction to punish for contempt where no contempt has been committed has no relation to our decision here.