THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES FARRELL, Defendant-Appellee.

(No. 58583;

First District (1st Division)—June 17, 1974.

William J. Scott, Attorney General, of Chicago (James B. Zagel, Charles H. Levad, and Melbourne A. Noel, Jr., Assistant Attorneys General, of counsel), for the People.

Foss, Schuman & Drake, of Chicago, for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Charles Farrell (defendant) was charged with illegal transportation of untaxed cigarettes under the Illinois Cigarette Tax Act. (Ill. Rev. Stat. 1971, ch. 120, par. 453.9c.) The trial court sustained his motion to suppress the physical evidence which consisted of some 220 packages of untaxed cigarettes which he was transporting in Illinois in his automobile. The State has appealed. Supreme Court Rule 604(a)(1), 50 Ill.2d R. 604(a)(1).

In this court the State contends that revenue agents of Illinois had probable cause to stop the defendant's car after observing his apparent violation of the revenue laws of Illinois; the agents legally seized untaxed cigarettes which were in plain view when defendant stopped his automobile; and, in any event, their search of the automobile was legal by virtue of consent given by the owner. No brief has been filed by defendant. Although we have authority to reverse the order appealed from *pro forma*, we find that examination of the record convinces us that a reversal on the merits is necessarily indicated. Compare *People v. Holt*, 18 Ill.App.3d 10, 11, 309 N.E.2d 376, to *People v. Keeney*, 96 Ill.App.2d 323, 238 N.E.2d 614, and *People v. French*, 9 Ill.App.3d 797, 293 N.E.2d 136.

At the hearing of the motion to suppress, defendant called one of the Illinois revenue agents who testified on direct examination only. The trial court then immediately granted the motion. The court refused to permit cross-examination of the witness by the State and refused to permit the State to introduce additional evidence pertaining to the motion. We are therefore required to reverse the order appealed from and to remand the cause for a complete hearing on the merits of the motion to suppress. In doing so, we respectfully suggest that the follow-

ing matters be considered by the trial court after a hearing of all the evidence:

1. Was there probable cause or reasonable grounds for the revenue agents to arrest defendant? *People v. Clay*, 55 Ill.2d 501, 504, 304 N.E. 2d 280, and cases therein cited.

2. Was the personal property in question in plain view so that there was actually no search by the officer? *People v. Bombacino*, 51 Ill.2d 17, 22, 280 N.E.2d 697, *cert. denied*, 409 U. S. 912.

3. Should the conduct of the agents be considered in the light of the accepted differences between search of a dwelling and of an automobile? *People v. Gant*, 14 Ill.App.3d 282, 302 N.E.2d 376, and cases therein cited.

4. Did defendant give proper and sufficient consent to examination of his automobile? *People v. Brooks*, 51 Ill.2d 156, 167, 281 N.E.2d 326. Also *Schneckloth v. Bustamonte*, 412 U. S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041.

The order appealed from is accordingly reversed and the cause remanded with directions for the taking of further proceedings not inconsistent with the above opinion.

Reversed and remanded.

EGAN, P. J., and BURKE, J., concur.