The Village of Hoffman Estates, Plaintiff-Appellant, *v.* Paul F. Spychalski, Defendant-Appellee.

(No. 61633; ▮▮▮▮▮)

First District (2nd Division)—October 14, 1975.

Richard N. Williams, of Evanston, for appellant.

Paul F. Spychalski, *pro se.*

PER CURIAM (Before Downing, P. J., Stamos and Leighton, JJ.):

The Village of Hoffman Estates, plaintiff, appeals from an order dismissing a traffic accident case because plaintiff was not ready for trial on the return date as required by Illinois Supreme Court Rule 504. (Ill. Rev. Stat. 1973, ch. 110A, par. 504.) The issues on appeal are whether a municipality has the right to prosecute for a violation of the Illinois Vehicle Code, and whether the trial court erred in refusing to grant plaintiff a continuance in a traffic accident case to permit plaintiff to subpoena necessary witnesses.

On November 10, 1974, a complaint was issued "in the name and by the authority of the People of the State of Illinois" against Paul F. Spychalski for failure to yield the right of way in violation of section 11—904 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—904). The complaint further stated that said defendant committed the offense contrary "to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Illinois." On January 3, 1975, the complaint was filed in the Third Municipal District of the Circuit Court of Cook County, Illinois, by the Village of Hoffman Estates against Paul F. Spychalski, Case No. X3-117-615.

The cause came on for trial on January 3, 1975. Defendant pleaded not guilty and plaintiff asked for a continuance to subpoena the witnesses to the accident. The trial court stated that under Illinois Supreme Court Rule 504 defendant is entitled to a trial on the merits on the date set by the police officer. The village prosecutor's motion for a continuance was denied, and when the prosecution failed to proceed, the trial court entered the order dismissing the cause for want of prosecution.

Plaintiff has taken all steps necessary to perfect its appeal. Defendant, on the other hand, has failed to appear or file a brief with this court. Under such circumstances, this court, in its discretion, may summarily reverse the judgment of the trial court *pro forma. (First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 28 Ill.App.3d 684, 329 N.E.2d 412; *People v. Farrell,* 20 Ill.App.3d 786, 314 N.E.2d 538.) However, in the case at bar, the record raises the question of whether the Village of Hoffman Estates had the right to prosecute for a violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, pars. 16—101 *et seq.*). Therefore, we will address ourselves to this issue only.

The complaint, given to defendant at the time of his arrest, was a

printed form with certain blank spaces to be filled in and certain small boxes which could be checked by the arresting officer. The complaint gave the officer a good deal of leeway including an option, in the case of many traffic offenses, to bring the charge either under the traffic regulations of the Village of Hoffman Estates or those of the State of Illinois. It was an all-purpose form and provided for information concerning the cause of the accident and conditions that might increase the seriousness of the violation. It also served the dual purpose of a complaint and a summons, although the far greater part of it was made up of the complaint. The summons was confined by a small box, on the lower right side of the ticket. It was captioned "Court Appearance" and, when filled out, informed the person arrested of the date and location of the traffic court where the case would be tried. See *City of Chicago v. Berg*, 48 Ill.App.2d 251, 199 N.E.2d 49.

The complaint against Spychalski was not made in the name of the Village of Hoffman Estates. The plaintiff was the State of Illinois and the charge was made "In the name and by the authority of the People of the State of Illinois" and concluded with the words "and against the peace and dignity of the People of the State of Illinois."

Section 16—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—102) provides in part as follows:

> "The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney."

It is clear from a reading of section 16—102 that the prosecution for an Illinois Vehicle Code violation must be in the name of the People of the State of Illinois; and that the municipality may prosecute only with the written consent of the State's Attorney. In the case at bar, contrary to section 16—102, the action was brought in the name of Village of Hoffman Estates and prosecuted by the village prosecutor. Further, the record fails to disclose that the municipal attorney was given written permission by the State's Attorney to prosecute the violation.

In *City of Chicago v. Berg*, 48 Ill.App.2d 251, 199 N.E.2d 49, the complaint was identical in form with the complaint in the case at bar and the court there said:

> "It is clear that the complaint was in behalf of the people of this state and that its form is that of a criminal complaint; it was not a civil complaint on behalf of the City, as it should have been. The failure to bring the complaint in the name of the correct plaintiff was a substantial, not a minor or technical, defect,

and the judgment based on the complaint is void and must be reversed." (48 Ill.App.2d 251, 257, 199 N.E.2d at 52.)

Other cases to the same effect are *People v. Rowe,* 9 Ill.App.3d 460, 292 N.E.2d 432, and *City of O'Fallon v. Reynolds,* 2 Ill.App.3d 712, 276 N.E. 2d 772.

The facts in the recent case of *People v. Ballard,* 59 Ill.2d 580, 322 N.E.2d 473, are distinguishable from those in the case at bar. There the court held that where the State's Attorney prosecuted a defendant for violation of a State statute and also for violation of a municipal ordinance and counsel for the municipality took no part in the prosecution; notice of appeal to the State's Attorney was sufficient to comply with Supreme Court Rule 303(d), which requires that, within 7 days after notice of appeal is filed, service of a copy thereof shall be made, pursuant to Rule 11, upon every other party entitled by law to notice of appeal. There the complaint for the violation of the State statute was in the name of the People of the State of Illinois and the violation of the municipal ordinance was in the name of the City of Chicago. There the trial court had jurisdiction of the properly named plaintiffs and the defendant. There the issue involved was only procedural as to whether defendant properly served the notice of appeal on the State's Attorney rather than on the corporation counsel of the City of Chicago, where the corporation counsel was represented in the circuit court of Cook County by the State's Attorney, and where the corporation counsel of the City of Chicago took no part in the proceedings. In the case at bar, the question involved is whether a municipality may file an action to prosecute defendant for violation of the Illinois Vehicle Code. It is apparent it cannot be done.

In light of the foregoing, the appeal by the Village of Hoffman Estates is dismissed.

Appeal dismissed.