THE VILLAGE OF HOFFMAN ESTATES, Plaintiff-Appellant, *v.* SCOTT A. MCWATERS, Defendant-Appellee.

(No. 61632; ▮▮▮▮▮▮▮▮▮▮

First District (2nd Division)—October 14, 1975.

Richard N. Williams, of Evanston, for appellant.

James G. McWaters, of Chicago, for appellee.

PER CURIAM (Before Downing, P. J., Stamos and Leighton, JJ.):

The Village of Hoffman Estates, plaintiff, appeals from an order dismissing a traffic accident case because it was not ready for trial on the return date as required by Illinois Supreme Court Rule 504. (Ill. Rev. Stat. 1973, ch. 110A, par. 504.) Defendant has failed to appear or to file a brief with this Court.

The issues on appeal are whether a municipality has the right to prosecute, in its name, for a violation of the Illinois Vehicle Code, and whether the trial court erred in dismissing a traffic accident case for want of prosecution on return day when the complaining witness was not in court.

On November 13, 1973, a complaint was issued "in the name and by the authority of the People of the State of Illinois" against Scott A. Mc-Waters for failure to yield the right of way in violation of section 11—901 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—901). The complaint further stated that said defendant committed the offense contrary "to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Illinois." On December 13, 1974, the complaint was filed in the Third Municipal District of the Circuit Court of Cook County, Illinois, by the Village of Hoffman Estates against Scott A. McWaters, Case No. X3-117-131. The cause came on for trial on December 13, 1974. The defendant pleaded

not guilty. The court asked whether the complaining witness was in court. An unidentified police officer replied, "I did not witness the accident. Just investigated." The unidentified police officer also stated: "All parties involved in the accident were advised of the court date and time." On motion of defendant the trial court dismissed the case for want of prosecution because "complaining witness not in court."

Plaintiff has taken all steps necessary to perfect his appeal. Defendant, on the other hand, has failed to appear or file a brief with this court. Under such circumstances, this court, in its discretion, may summarily reverse the judgment of the trial court *pro forma*. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 28 Ill.App.3d 684, 329 N.E.2d 412; *People v. Farrell*, 20 Ill.App.3d 786, 314 N.E.2d 538.) However, in the case at bar, the record raises the question of whether the Village of Hoffman Estates had the right to prosecute, in its own name, for a violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—101 *et seq.*). Therefore, we will address ourselves to this issue only.

The issue of whether a municipality had the right to prosecute, in its own name, for a violation of the Illinois Vehicle Code was discussed in great detail in *Village of Hoffman Estates v. Spychalski*, 33 Ill.App.3d 83, 337 N.E.2d 463. It was there decided that the Village of Hoffman Estates did not have the right to prosecute for a violation of the Illinois Vehicle Code. The same conclusion is reached in the case at bar.

In light of the foregoing, the appeal by the Village of Hoffman Estates is dismissed.

Appeal dismissed.