THE VILLAGE OF HOFFMAN ESTATES, Plaintiff-Appellant, *v.* MARTIN F. JOHNSON, Defendant-Appellee.

(No. 61634;

First District (2nd Division)—October 14, 1975.

Richard N. Williams, of Evanston, for appellant.

Martin F. Johnson, *pro se.*

PER CURIAM (Before Downing, P. J., Stamos and Leighton, JJ.):

The Village of Hoffman Estates, plaintiff, appeals from a judgment in favor of defendant in a traffic accident case. Defendant has failed to appear or to file a brief with this court.

The issues on appeal are whether a municipality has a right to prosecute, in its own name, for a violation of the Illinois Vehicle Code, and whether the plaintiff proved the defendant guilty beyond a reasonable doubt.

On December 3, 1974, a complaint was issued "in the name and by the authority of the People of the State of Illinois" against Martin F. Johnson for failure to yield the right of way in violation of section 11—904 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—904.) The complaint further stated that said defendant committed the offense contrary "to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Illinois." On January 3, 1975, the complaint was filed in the Third Municipal District of the Circuit Court of Cook County, Illinois, by the Village of Hoffman Estates against Martin F. Johnson, Case Number X3-118-048.

The case came on for trial on January 3, 1975. Defendant pleaded not guilty. The police officer testified that on December 3, 1974, at about 7 o'clock in the morning, he was called to an accident at Higgins and Glenlake Road. The vehicles had been pulled off to the side of the road. Defendant's vehicle was damaged on the left front fender. The front of the other vehicle was damaged. There was debris from the collision of the vehicles, but there were no tire marks. The police officer further testified that there was a stop sign for defendant and "it was straight through for the other vehicle."

The trial court, in finding the defendant not guilty, stated that the plaintiff had not proven the *corpus delicti*—the failure of defendant to yield at the stop intersection; that there was no testimony to show defendant failed to yield the right of way; and that the fact there was debris on the highway did not prove defendant's guilt.

Plaintiff has taken all steps necessary to perfect his appeal. Defendant, on the other hand, has failed to appear or to file a brief with this court. Under such circumstances, this court, in its discretion, may summarily

reverse the judgment of the trial court *pro forma.* (*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 28 Ill.App.3d 684, 329 N.E.2d 412; *People v. Farrell*, 20 Ill.App.3d 786, 314 N.E.2d 538.) However, in the case at bar, the record raises a question of whether the Village of Hoffman Estates had the right to prosecute for a violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—101 *et seq.*). Therefore, we will address ourselves to this issue only.

The issue of whether a municipality has the right to prosecute, in its own name, for a violation of the Illinois Vehicle Code was discussed in great detail in *Village of Hoffman Estates v. Spychalski*, 33 Ill.App.3d 83, 337 N.E.2d 463. It was there decided that the Village of Hoffman Estates did not have the right to prosecute for a violation of the Illinois Vehicle Code. The same conclusion is reached in the case at bar.

The appeal by the Village of Hoffman Estates is dismissed.

Appeal dismissed.