(No. 47464.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LEE BRADFORD, Appellee.

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon, Rick L. Petrone, and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas and John X. Breslin, Assistant Public

22

Defenders, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Lee Bradford, the defendant, was charged by complaint with the crime of prostitution (Ill. Rev. Stat. 1971, ch. 38, par. 11—14(a)(2)). After a bench trial, the defendant was found guilty and sentenced to a term of six months at the Illinois State Farm at Vandalia. The appellate court found the complaint defective and reversed. (26 Ill. App. 3d 442.) We granted the People leave to appeal. Ill. Rev. Stat. 1973, ch. 110A, pars. 315, 612(b).

Two issues are raised by this appeal: First, whether the complaint charging the defendant with prostitution was defective and, if so, whether the defendant waived the defects; Second, whether the People failed to prove the defendant guilty of an act of deviate sexual conduct beyond a reasonable doubt.

The defendant contends that the complaint was defective because it was not verified by the person ostensibly presenting the complaint. (Ill. Rev. Stat. 1971, ch. 38, par. 111—3(b).) However, a sworn or verified complaint is not a jurisdictional prerequisite to the prosecution of a criminal offense and may be waived by a plea of guilty or by proceeding to trial without objection. (*People v. Harding* (1966), 34 Ill.2d 475; *People v. Billow* (1941), 377 Ill. 236.) The defense did not object to the complaint until its cross-examination of the State's complaining witness, that is, after the complainant-police officer had in open court testified under oath to all of the facts alleged in the complaint. We therefore find that the defendant by proceeding to trial without objecting or raising the question waived any defects that allegedly existed in the verification of the complaint.

The complaint charged that the defendant committed

the offense of prostitution in that he agreed to perform an act of deviate sexual conduct, namely oral copulation with the complainant for the sum of ten dollars. At the trial, the complainant testifying as to the defendant's alleged offer or agreement to perform a deviate sexual act used a generally understood common vulgarity rather than the phrase "oral copulation." The defendant now contends that he was not proved guilty beyond a reasonable doubt of an act of deviate sexual conduct because the record is devoid of any proof by the State as to the meaning of the vulgarity. There is no indication in the record that the trial judge was unaware of the meaning of the vulgarity or that the defendant was prejudiced by its use. The evidence does clearly prove the defendant guilty beyond a reasonable doubt.

For the reasons stated herein, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.