THE PEOPLE OF THE STATE OF ILLINOIS OR THE CITY OF
HARRISBURG, Plaintiff-Appellee, *v.* WALTER J. KOETZLE,
Defendant-Appellant.

Fifth District No. 75-135

Opinion filed July 22, 1976.

Stephen P. Hurley and Ann L. Carr, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (Bruce D. Irish, of Illinois State's Attorneys Association, and Russell F. Watters, Law Student, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by defendant, Walter J. Koetzle, from a judgment entered by the circuit court of Saline County, pursuant to a jury verdict, finding him guilty of driving under the influence of intoxicating liquor and sentencing him to eight months' imprisonment.

On appeal defendant contends that: (1) his conviction should be reversed because the complaint in the instant case charged him with a State offense while he was actually prosecuted under a municipal ordinance; (2) his conviction is a nullity because the ordinance under which he was prosecuted was not in effect until after his conviction; and (3) if he was prosecuted for a violation of the Illinois Vehicle Code, then his conviction must be reversed because the City of Harrisburg was an improper party plaintiff and had no authority to prosecute a State offense. Defendant also filed a motion to strike the brief of the State's Attorney of Saline County on the grounds that the State was not a party to the action below. We took this motion with the case.

We must first ascertain whether the City of Harrisburg was the plaintiff which prosecuted defendant through its city attorney in the trial court.

On October 9, 1974, defendant was arrested and charged on a standard Illinois citation and complaint form with "Driving under the influence of intoxicating liquor, In Violation of Illinois Vehicle Code Section No. 11—501a." The complaint was captioned "Harrisburg Police A Municipality Plaintiff v. Koetzle, Walter J." and was styled "State of Illinois, County of Saline, City or Village of Harrisburg, Township of Harrisburg." On October 17, 1974, defendant served the City Attorney for Harrisburg with a motion for a speedy trial, captioned "People of the State of Illinois vs. Walter Koetzle." On December 4, 1974, defendant went to trial. The record shows that he was prosecuted by "Mr. Charles Ferguson, Attorney for the City of Harrisburg." In opening argument, the prosecutor stated, "I * * * represent the City of Harrisburg in prosecution of this cause." However, throughout the trial and in the court's instruction, "city" and "state" were used interchangeably.

Defendant was sentenced to eight months imprisonment. Both the mittimus and notice of appeal are styled with a preprinted caption "People of the State of Illinois" under which was typed "City of Harrisburg vs. Walter J. Koetzle." The certification of the common law record, the record sheet and the Report of Proceedings refer to the case as the "City of Harrisburg vs. Walter Koetzle" whereas defendant's motion for counsel on appeal and praecipe for the record are captioned "People of the State of Illinois vs. Walter J. Koetzle."

■■ Thus, except for defendant's own motions, the record clearly shows that the City of Harrisburg was the party plaintiff and it had

prosecuted the action through the city attorney. Since the State had not been a party to this action in the lower court, we grant defendant's motion to strike the State's brief. Although the City of Harrisburg has received notice, it has nonetheless failed to file a brief in this case.

■■ Defendant first contends that the complaint upon which this case is based is fatally defective because it charged him with a violation of State law while he was actually prosecuted under a municipal ordinance. The premise of defendant's argument is that since the City of Harrisburg had prosecuted defendant, it must have, of necessity, based its action on a violation of a city ordinance. This conclusion is a *non sequitur*. Moreover, the record clearly shows that defendant was charged, tried and convicted for a violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501(a)). The ordinance then in effect (Harrisburg, Ill., Traffic Ordinance (1964), Ordinance No. 695, §17), prohibited operating any motor vehicle on a street or highway within the city while under the influence of liquor, and it provided a penalty of a fine of not less than $5 nor more than $500, or six months in the county jail, or both, for a violation thereof. No reference is made to this ordinance in the record but instead, a lengthy argument was made over defendant's motion for a directed verdict, which was based on "11—501, chapter 95½" of the "statute." In addition, defendant was sentenced to a term of eight months imprisonment; a sentence unpermissible under the ordinance but proper under the Illinois Vehicle Code. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(i).) Consequently, we find defendant's contention to be without merit. For the same reasons, we find defendant's next contention, that his conviction is a nullity because he was prosecuted under a city ordinance enacted subsequent to his conviction, to be without merit.

■■ We turn to the propriety of this action, based on a violation of the Illinois Vehicle Code, brought in the name of the City of Harrisburg and prosecuted by a city attorney. Defendant contends that the city was an improper party plaintiff and had no authority to prosecute a State offense. We agree. In *City of O'Fallon v. Reynolds*, 2 Ill. App. 3d 712, 276 N.E.2d 772, we were faced with a similar issue and we held that the City of O'Fallon was not the proper party plaintiff. (See also *City of Rockford v. Watson*, 108 Ill. App. 2d 146, 246 N.E.2d 458; *Village of Hoffman Estates v. Spychalski*, 33 Ill. App. 3d 83, 337 N.E.2d 463; *Village of Hoffman Estates v. McWaters*, 33 Ill. App. 3d 87, 337 N.E.2d 465; *Village of Hoffman Estates v. Johnson*, 33 Ill. App. 3d 88, 337 N.E.2d 467.) Section 16—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—102), amended subsequent to *O'Fallon*, provides in part:

"The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs

within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney."

In *Village of Hoffman Estates v. Spychalski*, the court stated:

"It is clear from a reading of section 16—102 that the prosecution for an Illinois Vehicle Code violation must be in the name of the People of the State of Illinois; and that the municipality may prosecute only with the written consent of the State's Attorney." (33 Ill. App. 3d 83, 85, 337 N.E.2d 463, 465.)

In the case at bar, the action was brought in the name of the City of Harrisburg. Moreover, the record does not show that the city attorney had received written permission to prosecute defendant. The city's action thus stands contrary to the provisions of the Illinois Vehicle Code. We note that section 16—105 of the Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—105) provides that fines and penalties for offenses committed upon a highway within city limits are to be paid to the city, "provided the police officers and officials of cities, villages, incorporated towns and park districts shall reasonably prosecute for all fines and penalties under this Act." However, the word "prosecute" as used in this provision only contemplates otherwise permitted activities; making an arrest, initiating the complaint and appearing as a prosecuting witness, but not formally conducting the proceeding. *(City of O'Fallon v. Reynolds; City of Rockford v. Watson.)* Consequently, we hold that the City of Harrisburg was not a proper party plaintiff and had no authority to prosecute defendant.

The judgment entered by the circuit court of Saline County is reversed.

Reversed.

KARNS, P. J., and G. J. MORAN, J., concur.