THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RICHARD WORTHINGTON, Defendant-Appellee.

Third District   No. 82–17

Opinion filed August 31, 1982.

HEIPLE, J., specially concurring.

John A. Barra, State's Attorney, of Peoria (Richard A. Roth, Assistant State's Attorney, and John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Richard Worthington, was ticketed and charged with nine violations of the Illinois Vehicle Code. They occurred within the Peoria city limits on April 7, 1981. The cause was prosecuted in the circuit court of Peoria County by an assistant Peoria city attorney.

Except for one interim order captioned "The People of the State of Illinois (City of Peoria), Plaintiff," all other papers filed in the cause, including the Uniform Illinois Traffic Complaint, were captioned, "City of Peoria, Plaintiff." Following a bench trial, the defendant was found guilty of several of the charges. He thereafter filed a motion for new trial or reconsideration of the findings, arguing that the evidence was insufficient to sustain the findings of guilty and that the entire proceedings were a nullity because the city of Peoria was incorrectly denominated as plaintiff. At the subsequent hearing, the circuit court denied relief on the first ground, but agreed that the case was incorrectly captioned, thus rendering the proceedings null. The court affirmed its ruling in a motion to reconsider. There the court found that the defendant always knew he was charged with and tried for State law violations, that he probably was aware he was being prosecuted by the Peoria city attorney, that the State's attorney gave the city attorney written authority to prosecute violations of the Illinois Vehicle Code occurring within the city limits, that the assistant city attorney who tried the cause had checked the wrong box in the form complaint when denominating the plaintiff, and that the city attorney never orally referred to the city as the plaintiff. Nevertheless, after reading *City of O'Fallon v. Reynolds* (1971), 2 Ill. App. 3d 712, 276 N.E.2d 772, and *People v. Koetzle* (1976), 40 Ill. App. 3d 577, 352 N.E.2d 433, the court concluded that the city could prosecute State traffic law violations but that it must caption the cause as "The People of the State of Illinois, Plaintiff." The failure to do so here nullified the findings of guilt, the circuit court concluded and ordered the defendant to be discharged and the charges to be dismissed. The State, by the city of Peoria, appeals from this order, arguing that the city can prosecute State traffic law violations in its own name.

We find that the city may prosecute State traffic law violations, when lawfully authorized, and may use its own name in the caption.

■ In *City of O'Fallon v. Reynolds* (1971), 2 Ill. App. 3d 712, 276, N.E.2d 772, the court ruled that a municipality was not authorized to prosecute State traffic law violations occurring within municipal limits. (See also *City of Rockford v. Watson* (1969), 108 Ill. App. 2d 146, 246 N.E.2d 458.) The basis of this ruling was section 16—102 of the Illinois Vehicle Code, which provided: "[t]he State's Attorney of the county in which the violation occurs shall prosecute the violator." (Ill. Rev. Stat. 1969, ch. 95½, par. 16—102.) In 1974, the General Assembly amended this rule, which now reads in part: "The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits

of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney." (Ill. Rev. Stat. 1979, ch. 95½, par. 16—102.) Thus, when properly authorized, a municipality may prosecute Illinois Vehicle Code violations. The circuit court conceded this proposition, but held that when a municipality is so authorized, its complaint must be entitled, "The People of the State of Illinois, Plaintiff." Under the circumstances presented here, we cannot agree with this holding. Contrary to the defendant's contention, neither the express language of the current authorizing statute nor a fair inference thereof mandates the prosecuting municipality to denominate its charging instrument with the caption, "The People of the State of Illinois, Plaintiff."

■ Moreover, any variance between the caption and the body of the charging instrument was harmless given the circumstances here. As the supreme court said in *People v. Sirinsky* (1970), 47 Ill. 2d 183, 187, 265 N.E.2d 505, 507: "[T]he caption of a charging pleading, whether an indictment, information or a complaint, forms no part of the pleading and defects in the caption will not invalidate it. [Citations.] It is the body of the indictment information or complaint, rather than the caption, which must state the elements of the offense with which the defendant is charged. [Citation.] Where the caption varies from the body of the pleading, as here, it will be the body that controls." In *Sirinsky*, the defendant was charged with a violation of State traffic law which occurred in Evanston. The arresting officer checked the box in the citation marked "The City of Evanston" as the plaintiff, instead of "The People of the State of Illinois." As he was required to do under section 16—102, the State's Attorney prosecuted the State law charges. He later amended the caption to read, "The People of the State of Illinois, Plaintiff." The supreme court affirmed the defendant's conviction, noting that the body of the complaint adequately informed the defendant of the charges against him and their source and adding that the variance was harmless. The facts here are nearly identical to *Sirinsky* in their relevant parts. First, in both cases an authorized party prosecuted the State traffic law violations. Second, in both cases the body of the charging instrument made unequivocally clear that the defendant was charged with violations of the Illinois Vehicle Code by referring to the specific section number of the alleged violation. The fact that the caption was amended in *Sirinsky* is immaterial given the insignificant role the caption plays in the charging instrument.

■ The defendant points to two cases decided under the current authorizing section which seem to hold that a municipality must bring

a State traffic law prosecution in the name of The People of the State of Illinois. In *Village of Hoffman Estates v. Spychalski* (1975), 33 Ill. App. 3d 83, 85, 337 N.E.2d 463, 465, the First District examined section 16—102 and declared: "[I]t is clear from a reading of section 16—102 that the prosecution for an Illinois Vehicle Code violation must be in the name of the People of the State of Illinois; and that the municipality may prosecute only with the written consent of the State's Attorney." (See also *People v. Koetzle* (1976), 40 Ill. App. 3d 577, 352 N.E.2d 433.) But in *Spychalski*, as well as in *Koetzle*, the municipality had failed to establish that the State's Attorney had granted written permission to prosecute. Thus, any further comment on the requisites of the caption were mere *obiter dictum* since the issue of a lawful delegation of authority to prosecute necessarily precedes any discussion of the form of the caption. Moreover, as we have said above, we disagree that a plain reading of section 16—102 requires such a caption. Instead, we believe the rule in *Sirinsky* controls. Where the defendant is fully aware of the nature and source of the criminal charges and the plaintiff is lawfully authorized to prosecute the cause, we choose not to follow the nonbinding advice of *Spychalski* and *Koetzle*, which we find to be extremely prodigal of scarce judicial resources without adding a scintilla of protection to the defendant.

Accordingly, we reverse the order of the circuit court of Peoria County, order the judgments of conviction to be reentered as originally determined by the circuit court, and remand for sentencing.

Order reversed, judgments reinstated, and cause remanded.

SCOTT, J., concurs.

JUSTICE HEIPLE, specially concurring:
I concur with the decision reversing the trial judge in this case and would only add that this is the fourth case that I have commented on involving this same judge and his erroneous rulings in traffic cases in the space of seven months. The earlier cases are: *People v. White* (1982), 102 Ill. App. 3d 1206 (Rule 23 order); *People v. Williams* (1982), 108 Ill. App. 3d 219; *People v. Batchelder* (1982), 107 Ill. App. 3d 295. The pattern of ruling with the defense for erroneous reasons in traffic cases continues.