THE PEOPLE OF THE STATE OF ILLINOIS (Village of Lake in the Hills), Plaintiff-Appellee, *v.* EDWARD F. WIATR, Defendant-Appellant.

Second District   No. 82—795

Opinion filed November 10, 1983.

Ralph E. Madsen, of Madsen, Clark & Baudin, of Crystal Lake, for appellant.

Theodore Floro, State's Attorney, of Woodstock, and David W. McArdle,

of Zukowski, Poper, Rogers & Flood, of Crystal Lake (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Edward Wiatr, was convicted of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)(2)) and speeding (Ill. Rev. Stat. 1981, ch. 95½, par. 11—601(b)). He was thereafter sentenced to a one-year term of probation, with nine days' periodic imprisonment, and a fine of $100. Defendant appeals contending (1) his convictions for violation of these State statutes were void absence evidence in the record that his prosecution by a village attorney was authorized by the State's Attorney; and (2) that the trial court erred in refusing to declare a mistrial or to strike the testimony of a witness who violated a sequestration order.

Defendant was arrested in the village of Lake in the Hills on March 23, 1982, by village police officer Robert Hughes for driving while intoxicated and traveling 72 miles per hour in a 55 miles per hour zone. Officer Hughes testified in trial that he observed defendant's car weaving and clocked its speed on a radar machine. After stopping him, the officer smelled alcohol on defendant's breath and administered field sobriety tests which defendant failed to perform correctly. The officer testified it was his opinion that defendant was speeding and was under the influence of alcohol. Sergeant James Wales of the village police department testified he came to the scene of defendant's arrest and smelled alcohol on defendant's breath. Defendant was taken to the police station where Sergeant Wales gave defendant a breathalyzer test, the results of which were introduced in trial showing the alcohol content to be .2%. The sergeant further testified he witnessed defendant attempting to perform physical sobriety tests administered by Officer Hughes, which defendant was unable to perform correctly, and that it was his opinion defendant was under the influence of alcohol.

Defendant testified he had consumed only three beers during the two hours preceding his arrest, and witnesses called by him testified defendant was not under the influence of intoxicating liquor.

Defendant's primary contention is that his convictions must be reversed as the record of this case fails to disclose that the village attorney had permission from the State's Attorney to prosecute him for these violations of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 1—100 et seq.). The State agrees that a municipal attorney is authorized to prosecute such offenses only with the written permis-

sion of the State's Attorney, but argues defendant has waived that issue by failing to challenge the authority of the village in the trial court, and, that proof of such delegation need not be presented in each case absent such challenge.

Section 16—102 of the Illinois Vehicle Code provides, in part:

"The State's Attorney of the county in which the violation occurs shall prosecute all violations [of chapters 11 through 15 of the Code] except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney." Ill. Rev. Stat. 1981, ch. 95½, par. 16—102.

Prior to January 1, 1974, only the State's Attorney could prosecute a violation of the Illinois Vehicle Code. (Compare Ill. Rev. Stat. 1971, ch. 95½, par. 16—102, with Ill. Rev. Stat. 1981, ch. 95½ par. 16—102.) Since an amendment in 1974, however, the State's Attorney is permitted to delegate his authority, when the violation has occurred within a municipality, to the municipal attorney. It is well established that before the amendment a municipality had no power to prosecute a violation of a State statute (*City of Rockford v. Watson* (1969), 108 Ill. App. 2d 146, 150, 246 N.E.2d 458), nor could the State's Attorney on behalf of the People of the State of Illinois prosecute an action for violation of a municipal ordinance. *People v. Rowe* (1972), 9 Ill. App. 3d 460, 464, 292 N.E.2d 432.

The Illinois citation and complaint issued to defendant in the present case by the arresting officer was captioned "People of the State of Illinois v. Wiatr, Edwart T." and charged him with violations of the State statutes, not a local ordinance. Subsequent motions and pleadings in the record are labeled "People of the State of Illinois (Village of Lake in the Hills) v. [def.]." It is also clear that the case was prosecuted in the circuit court by a village attorney, although an assistant State's Attorney did appear at the sentencing hearing. There is nothing contained in the record of this case, however, indicating whether or not the State's Attorney of McHenry County gave written permission to the village attorney to conduct this prosecution, as is authorized by section 16—102 of the Illinois Vehicle Code.

The First District of this court considered similar circumstances in three companion cases decided since the amendment of section 16—102. In *Village of Hoffman Estates v. Spychalski* (1975), 33 Ill. App. 3d 83, 337 N.E.2d 463, the village sought to appeal from an order which had dismissed a complaint for violation of the Illinois Vehicle Code for want of prosecution. The complaint had apparently been brought in the name of the People of the State of Illinois by the vil-

lage[1] and it was prosecuted by the village attorney. The reviewing court found that the village had no right to prosecute for a violation of the Illinois Vehicle Code and, as the record before it failed to disclose that the municipal attorney had been given written permission by the State's Attorney to prosecute the violation, the appeal was dismissed. (See also *Village of Hoffman Estates v. McWaters* (1975), 33 Ill. App. 3d 87, 88, 337 N.E.2d 465; *Village of Hoffman Estates v. Johnson* (1975), 33 Ill. App. 3d 88, 90, 337 N.E.2d 467.) The *Spychalski* court relied upon *City of Chicago v. Berg* (1964), 48 Ill. App. 2d 251, 199 N.E.2d 49, a case decided prior to the 1974 amendment to section 16—102 of the Illinois Vehicle Code, where it was held that a criminal complaint for violation of a municipal ordinance brought by the municipality in the name of the People of the State of Illinois was defective and the judgment based on it was void (48 Ill. App. 2d 251, 257.) In *Spychalski*, the court concluded, on the authority of *Berg*, that the appeal must be dismissed. See also *People v. Koetzle* (1976), 40 Ill. App. 3d 577, 579, 352 N.E.2d 433.

We note that when *City of Chicago v. Berg* was decided in 1964 the complainant municipality had no authority by statute to prosecute a case in the name of the State nor could it obtain such authority by written delegation from the State's Attorney. However, in the present case, as in *Spychalski*, the right to prosecute the Illinois Vehicle Code violations was authorized by section 16—102, and it may well have been delegated to the respective municipalities by the State's Attorney. It is not apparent on the record of this case that such authority was not and could not be so delegated, as was true when *Berg* was decided. If the authority to prosecute was, in fact, delegated by the State's Attorney, the statutory requirement has been met and the village was the proper prosecuting party.

Defendant does not suggest the insufficiency of the complaints charging him with these offenses (see, *e.g., People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437), nor does he assert the trial court lacked subject-matter jurisdiction (Ill. Const. 1970, art. VI, sec. 9). In reliance upon *Spychalski*, he contends only that as proof of a delegation of prosecutorial authority to the village is not found in the record of this case his convictions are void.

██ █ Where they have chosen to delegate authority to prosecute Illinois Vehicle Code violations to a municipality, it is probable the State's Attorneys of the various counties do so in more than one way.

---

[1]The opinion also states "the action was brought in the name of Village of Hoffman Estates." (33 Ill. App. 3d 83, 85.)

Some may give such permission on a case by case basis; others do so by a general letter of permission to the municipality. (See *City of Decatur v. Curry* (1976), 39 Ill. App. 3d 799, 800, 804, 350 N.E.2d 816.) To require, as urged by defendant, that the municipal attorney offer proof in the record of each case that prosecutorial permission has been given by the State's Attorney appears to be an unreasonable and unnecessary burden to impose on the municipal attorneys and State's Attorneys and would also unduly burden the record keeping responsibilities of the circuit clerks. An analogous argument to that offered by defendant might be to require that the record establish that the prosecutor and trial judge hold their respective offices.

The record of this case does not disclose that the authority of the village to prosecute this case was challenged by defendant in the trial court, nor did he raise this issue in his post-trial motion, and it is therefore waived. (*People v. Lucas* (1981), 88 Ill. 2d 245, 250, 430 N.E.2d 1091; *People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227.) Nor do we consider this issue to give rise to a jurisdictional prerequisite not subject to the waiver rule. See *People v. Bradford* (1975), 62 Ill. 2d 21, 22, 338 N.E.2d 182; *In re Custody of Sexton* (1981), 84 Ill. 2d 312, 319-21, 418 N.E.2d 729; *People v. Harding* (1966), 34 Ill. 2d 475, 482-83, 216 N.E.2d 147; *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 371, 431 N.E.2d 450.

█ We decline to follow *Village of Hoffman Estates v. Spychalski* and conclude defendant has waived this issue by failing to raise it in the trial court.

Defendant also contends the trial court erred in failing to grant a mistrial or strike the testimony of Sergeant Wales when it was determined he had spoken to Officer Hughes in violation of the court's sequestration order. He further argues that the sanction imposed by the court of prohibiting further testimony regarding the walking test performed at the police station was error requiring reversal.

█ █ Whether a witness who has violated an exclusion order should be permitted to testify or whether such testimony should be stricken from the record or a mistrial declared is within the discretion of the trial court, whose determination will not be disturbed on appeal absent a clear abuse of discretion. (*People v. Gibson* (1969), 42 Ill. 2d 519, 525, 248 N.E.2d 108.) The party asserting the existence of an abuse of discretion bears the burden of proof. (*People v. Decker* (1974), 19 Ill. App. 3d 86, 94, 311 N.E.2d 228, *appeal denied* (1974), 56 Ill. 2d 588.) A violation of a court order prohibiting witnesses from talking to one another does not result in the automatic exclusion of a witness' testimony because it punishes a litigant by depriving him of

testimony which may be material to his case without fault of his own. (*People v. Johnson* (1977), 47 Ill. App. 3d 362, 369, 362 N.E.2d 701.) The dominant inquiry is whether the exclusion or inclusion of the testimony would prejudice the affected party.

With regard to the trial court's denial of defendant's request for a mistrial or for the striking of Sergeant Wales' testimony, no prejudice resulted. Defendant argues that the record reveals that Sergeant Wales' description of defendant's performance of the sobriety tests was "patterned" after that given by Officer Hughes. He points to specific testimony in which certain similar words were used and argues the improbability of defendant performing the two tests in the same manner, assuming two sets of tests were given. This argument must fail, however, because although defendant had the opportunity to question Officer Hughes as to the contents of his conversation with Sergeant Wales, he never explored the specific information conveyed and thus his conclusion that Sergeant Wales' description was patterned after that given by Officer Hughes is mere speculation. (See *People v. Schott* (1976), 39 Ill. App. 3d 266, 274, 350 N.E.2d 49, *cert. denied* (1977), 429 U.S. 1097, 51 L. Ed. 2d 544, 97 S. Ct. 1115.) Indeed, the evidence adduced during the examination of Officer Hughes reveals that he did not know that Sergeant Wales said the tests were given at the police station and that he asked Wales only whether he was present when the second set of tests was administered.

Defendant also argues that the order entered by the court precluded him from interrogating Officer Hughes before the jury about the conversation in order to impeach his credibility. Courts have held that a litigant's ability to examine a witness before the jury can alleviate prejudice resulting from a violation of a court exclusion order. (See *Bulliner v. People* (1880), 95 Ill. 394, 400; *People v. Farris* (1980), 82 Ill. App. 3d 147, 154-55, 402 N.E.2d 629, *appeal denied* (1980), 81 Ill. 2d 595.) However, although the sanction entered by the trial court differed from that requested by defendant in that defendant wanted Sergeant Wales' testimony to be stricken, defendant never objected to the order entered by the trial court when it was entered. Furthermore, defendant never attempted to examine Officer Hughes before the jury about his conversation with Sergeant Wales, and it is unknown whether the trial court would have forbidden such an examination.

Generally, where the trial court refuses to allow a witness to testify, the affected party must show that he was deprived of material testimony without his own fault. (*People v. Johnson* (1977), 47 Ill. App. 3d 362, 369, 362 N.E.2d 701.) In this case, defendant was de-

prived of the ability to impeach the testimony of both Sergeant Wales and Officer Hughes by showing that they engaged in a conversation in which they may have discussed their testimony. Although this impeachment evidence could be material in a close case, since Officer Hughes' testimony while a witness for the State occurred prior to the violation of the court order and, combined with the breathalyzer test results, clearly shows defendant's guilt for driving while under the influence of alcohol and speeding, no reversible error occurred.

Accordingly, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.