# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Herman, 2012 IL App (3d) 110420**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, and THE VILLAGE OF FRANKFORT, Plaintiff-Appellees, v. JESSICA HERMAN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0420 |
| Filed<br>Modified upon<br>denial of rehearing | December 13, 2012<br><br>January 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for driving under the influence of alcohol was reversed where the record showed she was issued citations by a village police officer naming the People of the State of Illinois as plaintiff and alleging violations of the Illinois Vehicle Code, and although the trial court granted the village's motion to replace the State with the village as the prosecuting authority, the citations were not amended to allege only violations of the municipal code; therefore, in the absence of written permission from the State's Attorney granting the village authority to prosecute citations based on the Vehicle Code, the village had no authority to prosecute defendant. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-DT-1195; the Hon. Domenica A. Osterberger, Judge, presiding. |
| Judgment | Reversed. |

Counsel on Appeal

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, and Joshua Sachs, of Evanston, for appellant.

Laura L. Malinowski and R. Peter Grometer, both of Mahoney, Silverman & Cross, LLC, of Joliet, for appellee Village of Frankfort.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justices Lytton and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1      A Village of Frankfort (Village) police officer stopped defendant, Jessica Herman, for traffic violations occurring within the Village's boundaries. The officer issued four citations to defendant, each alleging a violation of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(1), (a)(2), 11-502(a), 11-709 (West 2010)) and naming the People of the State of Illinois as plaintiff. Before trial, the court granted the Village's motion to amend the citations allowing the Village to strike out the State of Illinois as the prosecuting authority and mark the box on the face of the citations to replace the State with the Village as the prosecuting authority. Neither the State's Attorney nor the Village attorney amended the citations to allege only violations of the municipal code. The court found defendant guilty of driving under the influence of alcohol (DUI), a Class A misdemeanor, as charged as a violation of the DUI provisions of the Illinois Vehicle Code. 625 ILCS 5/11-501(a)(1), (c)(1) (West 2010). Defendant appeals her conviction based on the Village's lack of prosecutorial authority with respect to the Illinois Vehicle Code violation. We reverse.

¶ 2                        FACTS

¶ 3      Following a traffic stop on July 17, 2010, within the Village's boundaries, defendant received traffic citations for improper lane usage (625 ILCS 5/11-709 (West 2010)), illegal transportation of alcohol (625 ILCS 5/11-502(a) (West 2010)), and two counts of DUI (625 ILCS 5/11-501(a)(1), (a)(2) (West 2010)). The citations named the People of the State of Illinois as prosecutor and were filed with the circuit clerk without modification by the State.

¶ 4      On August 24, 2010, the municipal attorney for the Village filed a motion to amend the citations to designate the Village, rather than the State, as the prosecuting authority, without

modifying the statutory basis for the violation. The Village attorney, not the State's Attorney, signed the motion to amend.

¶ 5        The original traffic citations were amended by interlineation on their face by crossing out "State of Illinois" and marking "Village of [Frankfort]" as plaintiff. This change was purportedly approved by an assistant State's Attorney who placed her handwritten initials on the face of the amended citations near the handwritten changes. However, the citations charged defendant with violating the Illinois Vehicle Code without any reference to the Village ordinances.

¶ 6        Following a stipulated bench trial, conducted by the Village attorney, the court found defendant guilty of DUI pursuant to section 11-501(a)(1) of the Illinois Vehicle Code. 625 ILCS 5/11-501(a)(1) (West 2010). Defendant's three remaining charges were dismissed by the Village. The trial court sentenced defendant to 12 months of court supervision and ordered her to pay $1,500 in fines, fees, and costs for the DUI. The record reveals the clerk calculated the fees and costs to total $666 and calculated the fine to be $834.

¶ 7                                                    ANALYSIS

¶ 8        On appeal, defendant argues: (1) the Village was without authority to prosecute defendant for a violation of section 11-501(a)(1) of the Illinois Vehicle Code; and (2) the trial court improperly denied defendant's motion to quash arrest and suppress evidence. First, we address the authority of the Village to prosecute violations of the Illinois Vehicle Code, as alleged in the charging instruments in this case.

¶ 9        Section 16-102 of the Illinois Vehicle Code provides: "The State's Attorney of the county in which [a violation of the Illinois Vehicle Code] occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney." 625 ILCS 5/16-102(c) (West 2010). In this case, the traffic citations issued by the Village police officer charged defendant with violations of the Illinois Vehicle Code and identified the State as the prosecuting authority.

¶ 10       The record on appeal does not contain written permission from the State's Attorney granting the Village attorney the necessary written authority to prosecute the citations based on the Illinois Vehicle Code. 625 ILCS 5/16-102(c) (West 2010); *People v. Koetzle*, 40 Ill. App. 3d 577 (1976) (holding that where there is no written permission to prosecute, the municipality had no authority to prosecute violations of the Illinois Vehicle Code). Moreover, the motion to amend the citations presented to the court was not prepared or signed by the State's Attorney's office. Instead, the *Village* attorney requested the court to modify the State's citations in an attempt to transfer prosecutorial authority from the State to the Village. However, the Village did not make a corresponding request to amend the citations to allege violations of Village ordinances, rather than the Illinois Vehicle Code.

¶ 11       The Village asserts that any lapse in the Village's prosecutorial authority is harmless and concedes on appeal that it would have been "best" for the Village to amend the citations to show the prosecution based on this traffic ticket arose out of an ordinance violation rather than a violation based entirely on state statute. Under these circumstances, we conclude the

Village did not acquire the authority to prosecute defendant for a designated violation of section 11-501(a)(1) of the Illinois Vehicle Code as set forth in the amended citation in Will County case No. 10-DT-1195 by simply having an assistant State's Attorney initial the face of the uniform citation. Since this issue is dispositive of the case, it is unnecessary to address the parties' remaining arguments.

¶ 12    Therefore, we reverse defendant's conviction.

¶ 13                        CONCLUSION

¶ 14    For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

¶ 15    Reversed.