# Illinois Official Reports

## Appellate Court

---

### *Village of Bull Valley v. Zeinz*, 2014 IL App (2d) 140053

---

| | |
|---|---|
| Appellate Court Caption | THE VILLAGE OF BULL VALLEY, Plaintiff-Appellee, v. DANIEL K. ZEINZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0053 |
| Filed | September 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for driving under the influence of alcohol and improper lane usage in a prosecution brought by plaintiff village were reversed on the ground that the village failed to comply with section 16-102(c) of the Illinois Vehicle Code, which requires the village to establish that defendant committed the offenses within the village's corporate limits, since the facts in evidence were insufficient to sustain the village's burden, especially when the arresting officer testified that defendant's car "came out of" the village just before he was stopped, but he never testified that he saw defendant driving within the village's corporate limits, and the trial court explicitly refused to decide whether defendant committed the DUI within the village limits. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 12-DT-444; the Hon. Robert A. Wilbrandt, Judge, presiding. |
| Judgment | Reversed. |

Counsel on Appeal        Eric F. Rinehart, of Malia & Rinehart, of Waukegan, for appellant.

Justin M. Hansen, of Cowlin, Naughton, Curran & Coppedge, of Crystal Lake, for appellee.

Panel        JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices McLaren and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1      After a bench trial, defendant, Daniel K. Zeinz, was convicted of driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2012)) and improper lane usage (ILU) (625 ILCS 5/11-709(a) (West 2012)) and given a year of supervision. On appeal (see Ill. S. Ct. R. 604(b) (eff. Feb. 6, 2013)), he argues that his convictions cannot stand, because, under section 16-102(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/16-102(c) (West 2012)), plaintiff, the Village of Bull Valley (the Village), could not prosecute him for the offenses, because it failed to establish that he committed either one within the Village's corporate limits. We agree, and we reverse.

¶ 2      At defendant's bench trial, the Village called James Page, who testified on direct examination as follows. On May 26, 2012, at about 1:15 a.m., while on patrol as a police officer for the Village, he was driving east on Route 120 in the vicinity of Ridge Road. He saw a white Pontiac directly in front of him cross over the white fog line and drive partly on the shoulder, then drift left and cross over the yellow center line. Page activated his emergency lights. The Pontiac drove a short distance, crossed back over the white fog line, and stopped.

¶ 3      Page testified that, after the Pontiac stopped, he approached it and saw that defendant, the driver, was the only occupant. He then testified as follows:

"Q. And, Officer, *** as far as the driving and your interaction with the driver, did everything happen in the Village of Bull Valley?

A. Right at the edge. The Village of Bull Valley ends at Ridge Road and 120. So, right where I started is where we picked up. So, I would have been in. He might have been right out of it when I first picked him up.

Q. As far as when you observed his–at what point did you first observe Mr. Zeinz driving his motor vehicle?

A. Right at Ridge Road and Route 120. I was still west of the intersection traveling eastbound. He had just–I saw him on the other side of the intersection.

Q. And at the time when Mr. Zeinz–at the time when Mr. Zeinz was on the other side of the intersection, was that the west side of the intersection?

A. The east side.

Q. The east side you observed him?

A. Yes.

Q. And is the east side of the intersection in the Village of Bull Valley?

A. No, that's–Not there it is not [*sic*].

Q. Okay. And at any point in time did Mr. Zeinz's vehicle travel in the Village of Bull Valley?

A. It came out of the Village of Bull Valley. I just didn't see the violation right there."

¶ 4 Page testified that the two vehicles "rolled slightly through McHenry County jurisdiction, and then into the City of McHenry." After he stopped defendant, defendant told him that he was driving home from a friend's house. Asked whether defendant mentioned the location of his friend's house, Page testified, "I believe it was in Wonder Lake, but I don't have–That is just off the top of my head right now. I don't recall exactly where he said, but I think we were talking about Wonder Lake."

¶ 5 Page testified that defendant failed several field sobriety tests. Page arrested defendant for DUI and drove him to the police station, where he refused a breath test.

¶ 6 Page testified on cross-examination as follows. When he first saw defendant's car, both of them were driving east on Route 120. Page did not remember any car being between them, although there could have been. The two momentary traffic offenses–crossing the fog line and crossing the center line–were the only ones that Page observed.

¶ 7 The Village rested. Defendant moved for a directed finding (see 725 ILCS 5/115-4(k) (West 2012)), based on section 16-102(c), which reads, "The State's Attorney of the county in which the violation occurs shall prosecute all violations except [that,] when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney." 625 ILCS 5/16-102(c) (West 2012). Defendant noted Page's testimony that Bull Valley's limits do not include Route 120 west of Ridge Road. He argued that the Village had produced no evidence that he had committed any offenses within its corporate limits–*i.e.*, east of the intersection with Ridge Road–as Page's testimony had never placed him there. Therefore, defendant reasoned, section 16-102(c) did not authorize the Village to bring this case.

¶ 8 The Village responded that defendant should have raised his argument in a pretrial motion instead of a motion for a directed finding. It noted that Page had testified that defendant admitted driving on Route 120. Defendant replied that the evidence showed only that he had been in Wonder Lake, then McHenry, not that he had committed any offense in the Village. Also, he could not have raised the jurisdictional issue before trial, as he could not have predicted Page's trial testimony.

¶ 9 The trial court denied the motion, stating as follows:

"[U]nder a local ordinance, even if it was a local ordinance that adopted the Vehicle Code, one of the elements would be that the offense would have to take place in the Village of Bull Valley.

As far as the Court can see *** these offenses were written on state charges, and the officer said that he was coming from Bull Valley when he saw him allegedly either in or near Bull Valley.

So, because it's not a local ordinance, I am going to have to deny the motion for a directed finding."

¶ 10 Defendant put on no evidence. In closing argument, he reiterated his assertion that section 16-102(c) barred the Village from prosecuting the case, as there had been no evidence that any of the offenses occurred within the Village's corporate limits. The trial court found defendant guilty of DUI and ILU. On defendant's jurisdictional argument, the court stated:

"Officer Page indicated the Defendant was coming through Bull Valley, even though he made the observations outside of Bull Valley. If this had been a local ordinance where being–the things having been done in Bull Valley, that would have been an element of the offense, but it was not. These were written as State charges, and that the officer as a sworn officer, if he saw some indication that an offense occurred in Bull Valley, he could investigate and make those stops pursuant to the authority of the State of Illinois.

So, the Court believes that the officer indicated that–that the Defendant was coming through Bull Valley and he observed these things outside of the Village of Bull Valley. They are still sufficient under the Illinois Vehicle Code."

¶ 11 Defendant moved to reconsider, based on section 16-102(c). At the hearing on the motion, the Village produced a letter dated December 1, 2012, from the McHenry County State's Attorney authorizing the Village to prosecute DUI, driving with a suspended or revoked license, and "Summary Suspension Matters" for "offenses occurring within the corporate limits of your village." Defendant argued that, although Page could stop him outside the Village limits, that did not authorize the Village to prosecute him for offenses that occurred outside the Village limits. The trial court stated:

"The Court heard the testimony in this case, and there was some dispute as to whether the Defendant ever drove in the Village of Bull Valley. Certainly there–There could be an interpretation that he did. He was in–indicated that he did not. He may have.

However, there's no doubt in the Court's mind that when the officer saw him, the officer may have been within the Village limits of Bull Valley, but the defendant was outside of those corporate limits ***. I think he was in the County jurisdiction at that time outside the corporate limits of Bull Valley."

¶ 12 The court continued, "The Court believes that the offense may not have occurred within the corporate limits of the Village–may or may not. The issue was unclear as to whether the defendant was driving within the corporate limits of the Village." The court framed the issue as whether, "when a Village police officer exercising his right to stop someone for violations of
State statutes that were observed *** within the Village but occurred outside of the Village–does the local prosecutor gain the right to prosecute those cases based on an authority letter from the State's Attorney under [section 16-102(c)]." The court concluded, "[I]f, in fact, the officer has the authority to stop and charge someone outside the limits of his Village, then that would impliedly give the Village prosecutor the right to prosecute those charges ***." The court denied defendant's motion to reconsider. He timely appealed.

¶ 13 On appeal, defendant argues that the judgment must be reversed because the Village lacked the authority to prosecute offenses that occurred outside its corporate limits. Defendant reasons that section 16-102(c) plainly bars such prosecutions. He concludes that,

because the Village adduced no evidence that he committed any of the offenses while he was within the Village's limits, the prosecution was unauthorized and the judgment cannot stand.

¶ 14    The Village does not dispute defendant's construction of the statute. However, it argues that, although Page stopped defendant just outside the Village limits, the evidence allowed the trial court to infer that defendant had committed DUI while he was inside the Village limits. The Village also contends that Page's testimony established this fact directly. The Village concedes that there was no evidence that defendant committed ILU while he was within the Village limits, and it concedes that this conviction must be reversed.

¶ 15    To decide the issue that defendant raises, we must first construe section 16-102(c). The construction of a statute raises a question of law that we decide *de novo*. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). Our object is to effectuate the legislative intent, the best guide to which is ordinarily the statutory language itself. *Id.* When the language is unambiguous, we must apply it without resort to aids of construction. *Id.* We may not depart from the plain language by reading in exceptions, limitations, or conditions. *Id.*

¶ 16    Section 16-102(c) unambiguously forbids a municipality from prosecuting a violation of the Vehicle Code unless (1) the violation occurs within the municipality's corporate limits *and* (2) the State's Attorney has provided written permission. Otherwise, the State's Attorney "*shall* prosecute *all* violations." (Emphases added.) 625 ILCS 5/16-102(c) (West 2012). The trial court erred in reasoning that, because Page had the authority to stop a vehicle outside the Village for a traffic offense, the Village "impliedly" had the right to prosecute an offense that did not occur within the Village's limits. The court simply read in an exception to section 16-102(c)'s unambiguous limitation on the Village's authority. Thus, the judgment cannot be sustained on the ground that the trial court chose. Of course, as we review the court's judgment and not its reasoning (*Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995)), we must still decide whether defendant's convictions violated section 16-102(c). We hold that they did and that both convictions must fall.

¶ 17    The Village does not dispute that the trial court misread section 16-102(c) and, in its appellate brief, it makes no argument that defendant forfeited his challenge to the prosecution by failing to raise it before trial. In any event, from the time that it decided to prosecute this case, the Village was on notice that section 16-102(c) required it to prove that defendant committed the charged offenses within Village limits, so it can hardly claim unfair surprise. The Village contends that the trial court properly found that defendant committed DUI while he was within Village limits.

¶ 18    We note again that the Village concedes that the trial court could not properly have found that defendant committed ILU within Village limits. Page testified only that defendant, while driving east on Route 120 east of Ridge Road, crossed over the fog line, then back over the center line. That conduct was outside Village limits.[1] Thus, we reverse defendant's

---

[1]Further, the State's Attorney's letter reads, in pertinent part, "[Y]ou are hereby authorized *** to prosecute Driving While License Suspended/Revoked, Driving Under the Influence of Alcohol/Drugs, and Summary Suspension matters written as violations of the Illinois Vehicle Code by your police department for offenses occurring within the corporate limits of your village." ILU is not among the listed offenses. On this basis also, the conviction of ILU must be reversed.

- 5 -

conviction of ILU. See *People v. Herman*, 2012 IL App (3d) 110420, ¶ 12 (reversing because municipality lacked power under section 16-102(c) to prosecute defendant).

¶ 19    The more difficult issue is whether the Village lacked the authority to prosecute defendant for DUI. Defendant contends that there was no evidence that he committed DUI within the Village's limits, as Page never saw him drive there. The Village responds that the court could credit Page's testimony that defendant's car "came out of the Village of Bull Valley." In reply, defendant first argues that two maps of which he requests we take judicial notice prove that the eastern boundary of Bull Valley was actually considerably west of Ridge Road, making Page's statement all the more infirm. Defendant argues second that, in any event, Page's statement that defendant "came out of the Village" was a pure conclusion that was legally insufficient to prove the location of the DUI. We agree with defendant's second point, which is wholly dispositive. We need not consider whether the maps strengthen his argument further.

¶ 20    The Village's argument suffers from two grave weaknesses. The first is that, whatever the trial court could have found, it *did not actually find* that defendant committed DUI within the Village limits. The court refused to decide this factual issue, as it proceeded under the erroneous assumption that, because location was not an element of the offense, the Village need not prove where defendant committed it. The court *mentioned* Page's testimony that defendant's car "came out of the Village of Bull Valley," but it did not *credit* this testimony. Its comments in denying defendant's motion to reconsider negate any assertion that it found that defendant had committed DUI within Village limits. The court stated, "The Court heard the testimony in this case, and there was some dispute as to whether the Defendant ever drove in the Village of Bull Valley. Certainly there–There could be an interpretation that he did. He was in–indicated that he did not. He may have." The court added, "The Court believes that the offense may not have occurred within the corporate limits of the Village–may or may not. The issue was unclear as to whether the defendant was driving within the corporate limits of the Village." The court explicitly refused to decide whether defendant had committed DUI *within the Village limits.*

¶ 21    The second and more important weakness in the Village's argument is that the trial court *could not have* properly found that defendant committed DUI within Village limits. At oral argument, the Village conceded that the sole basis to do so was Page's statement that defendant "came out of the Village." But this was a conclusion–essentially, a guess. Page did not see defendant's car until it was east of Ridge Road, going farther east. We agree with defendant that he could have driven from Wonder Lake onto Route 120 and proceeded east without entering the Village at all. Indeed, that would seem to have been the most direct route. Even accepting Page's testimony that Bull Valley ended at the intersection of Route 120 and Ridge Road, the court could do no more than speculate that defendant ever drove through the Village.

¶ 22    Under the case law, a municipality relying on a grant of authority to prosecute offenses under the Code must establish that it has satisfied section 16-102(c). See *id.* ¶ 10; *Village of Hoffman Estates v. Spychalski*, 33 Ill. App. 3d 83, 85-86 (1975). The cases do not specify a burden of proof. We assume for the sake of this analysis that the Village was required to prove only by a preponderance of the evidence that the prosecution of defendant complied with section 16-102(c). Although we recognize that location is a factual issue, we may decide whether the facts in evidence were legally sufficient for the Village to prevail. We hold that

they were not. For the reasons given earlier, any conclusion that defendant committed DUI within the Village was sheer speculation. When the Village decided to prosecute this case, it took on the burden to prove that defendant committed his offenses within Village limits. The Village did not meet this obligation, and the judgment cannot stand.

¶ 23    We caution that nothing in our opinion should be read to address the question of whether double jeopardy bars the reprosecution of the offenses at issue. Neither party has raised that issue, and we shall not do so here.

¶ 24    For the foregoing reasons, the judgment of the circuit court of McHenry County is reversed.

¶ 25    Reversed.