# Illinois Official Reports

## Appellate Court

***People v. Mischke*, 2014 IL App (2d) 130318**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD J. MISCHKE, JR., Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0318 |
| Filed | December 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was convicted of first-degree murder and aggravated driving under the influence and sentenced to concurrent terms and he appealed from the denial of his motion to reconsider his sentences, the trial court vacated his concurrent sentences and remanded the cause for the imposition of consecutive sentences and resentencing on each conviction individually, since section 5-8-4(d)(1) of the Unified Code of Corrections mandates consecutive sentences when defendant is convicted of one count of first-degree murder. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-CF-142; the Hon. Mark L. Levitt, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Bruce Kirkham, all of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices McLaren and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Donald J. Mischke, Jr., appeals from the judgment of the circuit court of Lake County sentencing him to concurrent terms of 26 years in prison for first-degree murder (720 ILCS 5/9-1(a)(3) (West 2010)) and 7 years in prison for aggravated driving while under the influence (DUI) (625 ILCS 5/11-501(a)(6), (d)(1)(A) (West 2010)). Because consecutive sentences were required, we vacate both sentences and remand for resentencing.

¶ 2                                I. BACKGROUND

¶ 3    Following a bench trial, defendant was found guilty of, among other things, one count of first-degree murder (felony murder) (720 ILCS 5/9-1(a)(3) (West 2010)) and one count of aggravated DUI with cocaine in his urine (625 ILCS 5/11-501(a)(6), (d)(1)(A) (West 2010)). Defendant was sentenced to concurrent terms of 26 years' imprisonment on the first-degree murder conviction and 7 years' imprisonment on the aggravated DUI conviction.[1]

¶ 4    Defendant filed a motion to reconsider his sentences. The trial court denied the motion to reconsider, and defendant filed a timely notice of appeal.

¶ 5                                II. ANALYSIS

¶ 6    On appeal, defendant raises three contentions: (1) that the trial court erred in imposing concurrent sentences when the sentences were statutorily required to be consecutive; (2) that the court erred in sentencing him for aggravated DUI as a Class 2 felony when his prior two DUI offenses were nonaggravated; and (3) that this court should remand for a new sentencing hearing. The State concedes that the trial court erred in imposing concurrent sentences. However, it contends that defendant was properly sentenced for a Class 2 felony, because, under the applicable statutory provision, the prior DUI offenses need not have been aggravated.

¶ 7    We begin with the contention that the trial court erred in imposing concurrent, as opposed to consecutive, sentences. Whether sentences are mandatorily consecutive is a matter of statutory construction, which we review *de novo*. See *People v. Harris*, 203 Ill. 2d 111, 116 (2003).

¶ 8    Section 5-8-4(d)(1) of the Unified Code of Corrections mandates consecutive sentences when one of the offenses of which a defendant was convicted was first-degree murder. 730 ILCS 5/5-8-4(d)(1) (West 2010). Therefore, because defendant was convicted of first-degree

_____

[1]The trial court merged into the first-degree murder conviction defendant's convictions of aggravated fleeing and eluding, burglary, and retail theft, all of which were charged in a separate case.

murder, the court erred in imposing concurrent sentences. Because the concurrent sentences were imposed in violation of section 5-8-4(d)(1), they are void. See *People v. Garcia*, 179 Ill. 2d 55, 73 (1997).

¶ 9　　Next, we address the issue of whether the trial court correctly sentenced defendant for aggravated DUI as a Class 2 felony. Defendant contends that he should have been sentenced for a Class 4 felony because his prior two DUI offenses were nonaggravated.

¶ 10　　When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *People v. Perez*, 2014 IL 115927, ¶ 9. The best and most reliable indicator of that intent is the plain and ordinary meaning of the statutory language. *Perez*, 2014 IL 115927, ¶ 9. A court must view the statute as a whole and construe words and phrases, not in isolation, but in light of other relevant provisions. *Perez*, 2014 IL 115927, ¶ 9. The court may consider the reason for the law, the problems it seeks to remedy, its purposes, and the consequences of construing it one way or another. *Perez*, 2014 IL 115927, ¶ 9. The court presumes that the legislature did not intend absurdity, inconvenience, or injustice when it enacted a particular statute. *Perez*, 2014 IL 115927, ¶ 9. When the language is unambiguous, we must apply it without resorting to aids of construction. *Village of Bull Valley v. Zeinz*, 2014 IL App (2d) 140053, ¶ 15. We may not depart from the plain language by reading in exceptions, limitations, or conditions. *Zeinz*, 2014 IL App (2d) 140053, ¶ 15.

¶ 11　　Section 11-501(d)(2)(A) of the Illinois Vehicle Code provides that a person convicted of aggravated DUI is guilty of a Class 4 felony. 625 ILCS 5/11-501(d)(2)(A) (West 2010). Subsection (d)(2)(B), however, provides, in relevant part, that a "third violation of *this Section* *** is a Class 2 felony." (Emphasis added.) 625 ILCS 5/11-501(d)(2)(B) (West 2010).

¶ 12　　The parties do not cite, nor are we aware of, any cases interpreting those provisions for the purpose of deciding whether the two prior DUI offenses must be aggravated for a defendant to be considered to have committed a Class 2 felony under subsection (d)(2)(B). A recent decision from the Fourth District Appellate Court, however, has interpreted a closely related subsection of section 11-501.

¶ 13　　In *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 29, the defendant argued that the trial court erred in sentencing him as a Class X offender. In that regard, he maintained that subsection (d)(2)(E) (625 ILCS 5/11-501(d)(2)(E) (West 2010)), which enhances to a Class X felony a "sixth or subsequent violation of this Section," required that the prior offenses be aggravated DUI and not nonaggravated DUI. *Halerewicz*, 2013 IL App (4th) 120388, ¶ 29.

¶ 14　　In addressing that issue, the court first looked to the plain language of subsection (d)(2)(E), which provided that the enhancement applied to a sixth violation of "this Section." The court interpreted the plain meaning of that term as referring to section 11-501 in its entirety, as opposed to merely subsection (d)(2)(E). It did so, in part, because section 11-501 referred to "subsection (d)" throughout as opposed to using the term "section." *Halerewicz*, 2013 IL App (4th) 120388, ¶ 34. Therefore, because section 11-501 distinguished between the terms "subsection" and "section," the court concluded that the legislature, had it intended to limit the application of the enhancement to prior aggravated DUI offenses only, could have done so by using the narrower term "subsection" instead of the broader term "section." *Halerewicz*, 2013 IL App (4th) 120388, ¶ 34. The court also found persuasive the legislature's decision to capitalize the term "Section." *Halerewicz*, 2013 IL App (4th)

120388, ¶ 34. In sum, the court held that nonaggravated DUI offenses may be used to elevate an offense to a Class X felony. *Halerewicz*, 2013 IL App (4th) 120388, ¶ 36.

¶ 15    Notably, the court rejected an argument that such an interpretation would lead to absurd results. *Halerewicz*, 2013 IL App (4th) 120388, ¶ 35. In arguing that it would, the defendant pointed out that, for example, under subsection (d)(2)(B), there would be a " 'sudden jump' " from a Class A misdemeanor for a first or second DUI offense to a Class 2 felony for a third such offense. *Halerewicz*, 2013 IL App (4th) 120388, ¶ 35. The court decided, however, that such an escalation in penalty merely demonstrated a legislative intent to severely punish repeat offenders. *Halerewicz*, 2013 IL App (4th) 120388, ¶ 35.

¶ 16    Although the provision at issue in *Halerewicz* was not the one at issue here, both are found in subsection (d)(2), both address enhancements for multiple DUI offenses, and both contain the same language referring to "this Section." Therefore, *Halerewicz* strongly supports the same interpretation of subsection (d)(2)(B).

¶ 17    In accordance with *Halerewicz*, we hold that the plain language of the statute shows that the legislature intended to base the enhancement under subsection (d)(2)(B) on any prior DUI offense under section 11-501. That intent is reflected in the use of the term "subsection" when referring to the various parts of section 11-501. Had the legislature intended to limit the enhancement to prior aggravated DUI offenses only, it readily could have referred to subsection (d). Instead, it opted to use the broader term "Section." Such use clearly refers to section 11-501 in its entirety, which necessarily includes nonaggravated DUI offenses.

¶ 18    Additionally, the legislature chose to capitalize the word "Section" but not the word "subsection." In doing so, the legislature clearly wanted to differentiate the terms "Section" and "subsection." That differentiation shows that when it used the term "Section" the legislature meant to refer to section 11-501 as a whole rather than merely the subsection in which the word "Section" is located.

¶ 19    Further, our interpretation of the word "Section" does not conflict with subsection (d)(2)(A), which states that "[e]xcept as provided otherwise, a person convicted of aggravated driving under the influence *** is guilty of a Class 4 felony." 625 ILCS 5/11-501(d)(2)(A) (West 2010). The operative words in subsection (d)(2)(A) are "[e]xcept as provided otherwise." 625 ILCS 5/11-501(d)(2)(A) (West 2010). Subsections (d)(2)(B) through (J), in turn, provide for various exceptions that call for the defendant to be sentenced more severely than as a Class 4 offender. Of course, that includes subsection (d)(2)(B), which provides for a Class 2 penalty in the case of three DUI offenses. Therefore, we read subsection (d)(2)(B) and subsection (d)(2)(A) harmoniously.

¶ 20    Moreover, the alternative interpretation offered by defendant is not reasonable. We cannot accept that in this one instance the legislature varied from its use of the term "subsection" and used the word "Section" instead in referring to subsection (d). We further agree with *Halerewicz* that the severe punishment of repeat offenders is not absurd or unjust.

¶ 21    Because the statute is not subject to any other reasonable interpretation, it is not ambiguous. See *People v. Webber*, 2014 IL App (2d) 130101, ¶ 11. Therefore, it is not subject to the rule of lenity. See *Webber*, 2014 IL App (2d) 130101, ¶ 11.

¶ 22    For all of these reasons, we interpret subsection (d)(2)(B) of section 11-501 to require that a person with two prior nonaggravated DUI offenses be sentenced, upon his third DUI

offense, as a Class 2 offender. Thus, we hold that the trial court did not err in sentencing defendant as a Class 2 felon.

¶ 23 That leaves the question of resentencing defendant. In that regard, defendant contends that this court should not simply convert the concurrent sentences that were imposed to consecutive sentences, because to do so would result in an aggregate sentence of 33 years. Thus, defendant argues that we should remand for resentencing because, based on the applicable sentencing ranges of 20 to 60 years in prison (first-degree murder) (730 ILCS 5/5-4.5-20(a) (West 2010)) and 3 to 7 years in prison (Class 2 felony) (730 ILCS 5/5-4.5-35(a) (West 2010)),[2] the trial court could impose consecutive sentences that would total less than 33 years. The State does not disagree with the case being remanded for resentencing.[3] See *People v. Trotter*, 2013 IL App (2d) 120363, ¶ 58. Therefore, we remand for the imposition of consecutive sentences and for resentencing on each conviction individually.

¶ 24                                    III. CONCLUSION

¶ 25 For the foregoing reasons, we vacate the judgment of the circuit court of Lake County sentencing defendant to concurrent sentences and remand for the imposition of new consecutive sentences.

¶ 26 Vacated and remanded.

---

[2]Defendant concedes, for purposes of this argument only, that he would be resentenced as a Class 2 felon for aggravated DUI.

[3]Although the State suggests that defendant has argued that upon remand the trial court cannot sentence him to more than the original aggregate sentence of 26 years in prison, we do not understand defendant to be making that argument. Even if he did, it would fail. See *People v. Harris*, 366 Ill. App. 3d 1161, 1165-66 (2006) (citing *People v. Carney*, 196 Ill. 2d 518, 529-30 (2001)).