# Illinois Official Reports

## Appellate Court

*People v. Mischke*, 2018 IL App (2d) 160472

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD J. MISCHKE JR., Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-0472 |
| Filed | July 30, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-CF-142; the Hon. Mark L. Levitt, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Bruce Kirkham, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, David J. Robinson, and Barry W. Jacobs, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices McLaren and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Donald J. Mischke Jr., appeals from the judgment of the circuit court of Lake County resentencing him upon remand to consecutive terms of 26 years and 7 years in prison. Because the trial court did not abuse its discretion in resentencing defendant, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3      Following a bench trial, defendant was found guilty of, among other things, one count of first degree murder (720 ILCS 5/9-1(a)(3) (West 2010)) and one count of aggravated driving while under the influence (DUI) with cocaine in his urine (625 ILCS 5/11-501(a)(6), (d)(1)(A) (West 2010)).[1] The charges arose out of defendant's killing another driver while fleeing from a retail store into which he had intentionally driven his vehicle and from which he had stolen a television. Defendant was sentenced to concurrent terms of imprisonment of 26 years on the murder conviction and 7 years on the DUI conviction.

¶ 4      In imposing the original sentences, the trial court noted that it had considered the trial evidence, the aggravating and mitigating evidence, all aggravating and mitigating factors, and the presentence investigation report (PSR). The court commented that defendant's criminal history was "certainly not terribly significant" and that his lack of a violent history indicated that he "possess[ed] the tools to work toward restoring himself *** to useful citizenship." However, the court added that defendant's actions "evinced a callous disregard for anything or anyone that got in his way" and "caused a family unimaginable loss."

¶ 5      Defendant appealed, and this court vacated his sentences, as they were required to be consecutive (see 730 ILCS 5/5-8-4(d)(1) (West 2010)), and remanded for resentencing. See *People v. Mischke*, 2014 IL App (2d) 130318, ¶¶ 23, 25. In doing so, we noted that any increase in the aggregate sentence resulting from the sentences being made consecutive would not be improper. See *Mischke*, 2014 IL App (2d) 130318, ¶ 23 n.3 (citing *People v. Harris*, 366 Ill. App. 3d 1161, 1165-66 (2006)).

¶ 6      Upon remand, the trial court conducted a new sentencing hearing, at which the State offered no new evidence. Defendant submitted a letter, in which he explained how the death of the victim was the catalyst for his spiritual transformation and prison ministry. In allocution, defendant reiterated the positive impact the incident had on his life.

¶ 7      In imposing sentence, the trial court noted that it had carefully listened to the parties' arguments, reviewed the PSR and the record of the original sentencing, considered all aggravating and mitigating factors, and considered defendant's letter and allocution. The court commented that, although it was "considerably impressed" with defendant's efforts to make his life useful, it could see no reason to deviate from the original sentences. It added that to reduce either sentence would "seriously diminish and detract from the crimes that [defendant was] convicted of and the sentence [that the court] intended to impose." Thus, the court resentenced defendant to consecutive terms of 26 years' imprisonment on the murder conviction and 7 years' imprisonment on the DUI conviction.

_____

[1] The trial court merged into the first degree murder conviction defendant's convictions of aggravated fleeing and eluding, burglary, and retail theft.

¶ 8    Defendant filed a motion to reconsider his sentences. At that hearing, defendant noted that he was not contending that the imposition of the same individual sentences was *per se* improper. Instead, defendant asserted that, in light of the new mitigating evidence and the increase in the aggregate sentence from 26 to 33 years, the individual sentences were excessive. The trial court denied the motion to reconsider, and defendant filed this timely appeal.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant contends that the trial court abused its discretion in imposing the same sentence for each offense when the aggregate sentence of 33 years exceeded the original aggregate of 26 years, he submitted additional mitigating evidence, and the State presented no new aggravating evidence. We disagree.

¶ 11    Generally, under section 5-5-4(a) of the Unified Code of Corrections (730 ILCS 5/5-5-4(a) (West 2014)), a trial court at resentencing may not impose a more severe sentence. However, when a trial court is required to resentence a defendant to consecutive sentences, section 5-5-4(a) applies only to the individual sentences, not the aggregate sentence. *Harris*, 366 Ill. App. 3d at 1165. Indeed, our supreme court has stated that each conviction results in a discrete sentence that must be assessed individually. *People v. Carney*, 196 Ill. 2d 518, 530 (2001). As such, consecutive sentences do not constitute a single sentence and cannot be combined as though they were one sentence for one offense. *Carney*, 196 Ill. 2d at 530. Thus, regardless of any increase in the aggregate sentence, an individual sentence on remand does not violate section 5-5-4(a), provided that it does not, in the absence of any new aggravating evidence, exceed the original individual sentence. *Harris*, 366 Ill. App. 3d at 1165-66; *People v. Sanders*, 356 Ill. App. 3d 998, 1005 (2005).

¶ 12    Notwithstanding the foregoing, defendant relies, in part, on the increase in the aggregate of his sentences to argue that they constitute an abuse of discretion. We reject that contention. As noted, a mere increase in the aggregate sentence upon remand does not render the individual sentences improper. See *Harris*, 366 Ill. App. 3d at 1165-66. Thus, defendant's reliance on the increase in the aggregate of the sentences is misplaced.

¶ 13    Defendant also contends that the trial court abused its discretion in imposing the same individual sentences, despite the new mitigating evidence. That argument lacks merit.

¶ 14    It is well established that the trial court is the proper forum to determine a sentence and that a sentencing decision is entitled to great deference and weight. *People v. Latona*, 184 Ill. 2d 260, 272 (1998). A sentence within the statutory limits will not be disturbed absent an abuse of discretion. *People v. Coleman*, 166 Ill. 2d 247, 258 (1995). Such an abuse occurs only when the sentence varies greatly with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *People v. Stacey*, 193 Ill. 2d 203, 210 (2000). This court cannot alter a sentence under Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967) unless the trial court abused its discretion. *People v. Murray*, 2017 IL App (2d) 150599, ¶ 90.

¶ 15    Here, the trial court resentenced defendant within the applicable statutory ranges. In doing so, the trial court reconsidered all of the aggravating and mitigating evidence, again reviewed the PSR, and noted the additional mitigating evidence regarding defendant's spiritual transformation and prison ministry. However, it explained that the appropriate sentence for each offense remained the same as originally imposed and that to shorten either

sentence would deprecate the seriousness of the offense. The court stated that it was impressed with defendant's efforts at making his life useful but it did not consider that mitigating evidence sufficient to lessen either sentence. Although we might weigh the mitigating evidence differently, we may not reverse the trial court's assessment of that evidence. See *People v. Streit*, 142 Ill. 2d 13, 19 (1991).

¶ 16    Nor does the lack of any new aggravating evidence show an abuse of discretion. Although upon remand the absence of new aggravating evidence precluded an increase in either individual sentence (see 730 ILCS 5/5-5-4(a) (West 2014)), there is no authority for the proposition that there must be new aggravating evidence to justify the imposition of the same sentences.

¶ 17    Finally, we note that, although defendant cites *North Carolina v. Pearce*, 395 U.S. 711 (1969), he does not contend that his sentences upon remand were the product of vindictiveness. Further, the record does not show any actual vindictiveness. See *People v. Garcia*, 179 Ill. 2d 55, 74-75 (1997).

¶ 18                                    III. CONCLUSION

¶ 19    For the reasons stated, we affirm the judgment of the circuit court of Lake County. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 20    Affirmed.