**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220420-U

Order filed February 15, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| VILLAGE OF GLEN ELLYN, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| | ) | DuPage County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-22-0420 |
| v. | ) | Circuit No. 21-DT-686 |
| | ) | |
| MARTA A. PODKUL, | ) | Honorable |
| | ) | Karen M. Wilson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice McDade and Justice Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*: The defendant's conviction is affirmed because the defendant forfeited the argument that Village of Glen Ellyn lacked written permission from the State's Attorney to prosecute her.

¶ 2       Following a jury trial, the defendant, Marta A. Podkul, was convicted of driving under the influence of alcohol in violation of sections 11-501(a)(1) and (a)(2) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a)(1) and (a)(2) (West 2020)). She was sentenced to 30 days in jail followed by 24 months' probation. The defendant appeals her conviction, arguing that her

conviction was a nullity because the Village of Glen Ellyn (the Village) prosecuted her without obtaining written permission from the State's Attorney, as required by section 16-102(c) of the Code (625 ILCS 5/16-102(c) (West 2020)).

¶ 3                                                    I. BACKGROUND

¶ 4        On the evening of April 3, 2010, Glen Ellyn police officer Derek Wilke was dispatched to a home in Glenn Ellyn in response to a report of a vehicle blocking the driveway. When Officer Wilke arrived at the scene, he spoke with the defendant, who was sitting in the driver seat of a vehicle parked on the street in front of the driveway. Officer Wilke detected a strong odor of an alcoholic beverage in the car, and he observed that the defendant had bloodshot, glassy eyes and was slurring her speech. After administering field sobriety tests, Officer Wilke concluded that the defendant was under the influence of alcohol. The defendant agreed to take a breath test, which revealed an alcohol concentration of .25.

¶ 5        The Village charged the defendant with driving under the influence of alcohol (DUI), a class A misdemeanor. The Village's verified complaint contained two counts. Count 1 alleged that the defendant drove or was in physical control of a motor vehicle within the State while the alcohol concentration in her breath was .08 or more, in violation of section 11-501(a)(1) of the Code. (625 ILCS 5/11-501(a)(1) (West 2020)). Count 2 alleged that the defendant drove or was in physical control of a vehicle within the State while under the influence of alcohol, in violation of section 11-501(a)(2) of the Code (625 ILCS 5/11-501(a)(2) (West 2020)).

¶ 6        A verification form was attached to the Village's complaint. The form included the phrase "S.A Approval," followed by a signature line. The signature line was left blank.

¶ 7 A six-person jury found the defendant guilty of both DUI counts. The cause proceeded immediately to sentencing, and the trial court sentenced the defendant to 30 days in jail followed by 24 months' probation on Count 1 only. (Count 2 merged with Count 1 at sentencing.)

¶ 8 The defendant filed a timely motion to reconsider and a timely motion for a new trial. The defendant did not argue in her posttrial motions, or at any time before filing them, that the Village lacked the authority to prosecute her because it had not obtained the prior approval of the State's Attorney. The trial court denied both of the defendant's motions.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, the defendant asks us to reverse her conviction because the Village failed to show that it had obtained the prior approval of the State's Attorney before prosecuting her.

¶ 12 Section 16–102(c) of the Code provides that "[t]he State's Attorney of the county in which the violation occurs shall prosecute all violations [of the Code] except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute *if written permission to do so is obtained from the State's Attorney*." (Emphasis added.) 625 ILCS 5/16-102(c) (West 2010). A municipal attorney must obtain such written permission before bringing a prosecution for a violation of State law. There is no evidence in the record that the Village obtained written permission from the State's attorney to prosecute the defendant specifically or to prosecute DUI offenses generally. The defendant argues that the Village's failure to provide evidence of such permission in the record renders her conviction a nullity.

¶ 13 The Village argues that the defendant forfeited any challenge to its prosecutorial authority by failing to raise the issue before the trial court. The Village further contends that it was not required to provide proof of the State's Attorney's delegation of authority in the record.

3

¶ 14    We agree with the Village's first argument. The defendant did not object to the Village's authority to prosecute her either during the trial or in her posttrial motions. She has therefore forfeited the issue on appeal. *People v. Enoch*, 122 Ill.2d 176, 186 (1988); *People v. Wiatr*, 119 Ill. App. 3d 468, 473 (1983) (holding that the defendant waived the argument that the Village of Lake in the Hills lacked the authority to prosecute him without showing written permission from the current State's Attorney because it failed to raise the issue before the trial court or in his posttrial motion).

¶ 15    The defendant argues that a conviction obtained by a municipality without statutory authority to prosecute is a "nullity" (*i.e.*, void) and therefore may be attacked at any time, even if the defendant failed to preserve the issue below. The defendant is mistaken. A trial court's judgement is void only if the court lacked subject matter jurisdiction to decide the general type of case at issue or lacked personal jurisdiction over the defendant. *People v. Castleberry*, 2015 IL 116916; *Belleville Toyota, Inc. v. Toyota Motor Sales*, U.S.A., Inc., 199 Ill. 2d 325, 344 (2002). Other trial errors, such as the entry of a judgment in violation of statutory requirements, are merely voidable, and may be challenged on appeal only if they are preserved before the trial court and timely appealed. *Castleberry*, 2015 IL 116916, ¶ 15 ("the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction"); *People v. Harris*, 319 Ill. App. 3d 534, 536 (holding that a sentence that was entered because of a mistake of law or fact is merely voidable, not void, and any such error is waived if it is not objected to below).

¶ 16    Applying these well-established principles, our appellate court has repeatedly held that an attorney's or a municipality's failure to obtain the authority to prosecute a defendant does not

4

present a jurisdictional defect, and that challenges to prosecutorial authority are forfeited when not raised before the trial court. *Wiatr*, 119 Ill. App. 3d at 473 (holding that whether a municipality had the authority to prosecute a defendant without showing that it had written permission from the current State's attorney did not "give rise to a jurisdictional prerequisite not subject to the waiver rule"); *People v. Jennings*, 343 Ill. App. 3d 717, 727 (2003) (holding that the defendant waived his right to challenge the appellate prosecutor's authority to prosecute him where the defendant did not object to the trial court's recognition of the appellate prosecutor's authority during the trial); *People v. Woodall*, 343 Ill. App. 3d 1146 (where the trial court had personal and subject matter jurisdiction, the prosecution of the defendant by State's Attorney's Appellate Prosecutors who lacked the statutory authority to prosecute him did not render the defendant's conviction void such that it could be challenged at any time).

¶ 17      In this case, the trial court had subject matter jurisdiction to hear and decide DUI prosecutions under the Code, and it acquired personal jurisdiction of the defendant when she appeared before the court in this case. Thus, the trial court's judgment was not void. The defendant concedes that she did not challenge the Village's violation of 16–102(c) of the Code or its lack of prosecutorial authority during the trial or in her posttrial motions. Accordingly, she has forfeited any such challenge.

¶ 18      The defendant relies upon several cases to support her claim that a conviction obtained by a municipality without the written permission of the State's Attorney is void (and therefore may be challenged at any time). See, *e.g.*, *People v. Wagner*, 89 Ill. 2d 308, 311 (1982); *People v. Moorhead*, 128 Ill. App. 3d 137, 138-39 (2d Dist. 1984); *People v. Herman*, 2012 IL App (3d) 110420; *Village of Hoffman Estates v. Spychaiski*, 33 Ill. App. 3d 83 (1st Dist. 1975); *People v. Koetzle*, 40 Ill. App. 3d 577 (5th Dist. 1976); *People v. LaFrank*, 104 Ill. App. 3d 650 (5th Dist.

5

1982).  However, none of these cases involved a defendant who failed to raise the issue before the trial court.  They are therefore inapposite.

¶ 19      The defendant argues in the alternative that, even if her challenge to the Village's prosecutorial authority is subject to forfeiture, her conviction is nevertheless reversible under the second prong of the plain error rule.  Under that prong, reversal is required notwithstanding the defendant's forfeiture only for errors that are deemed to be "structural," *People v. Glasper*, 234 Ill.2d 173, 197 (2009).  An error is structural if it renders the defendant's trial "fundamentally unfair or unreliable." *People v. Jackson*, 2022 IL 127256, ¶ 25.  Examples of such fundamental structural errors include a complete denial of counsel, trial before a biased judge, racial discrimination in the selection of a grand jury, denial of self-representation at trial, denial of a public trial, a defective reasonable doubt instruction, conviction of uncharged offenses, and the failure to swear the jury in with the trial oath. *Jackson*, 2022 IL 127256, ¶ 29; *People v. Clark*, 2016 IL 118845; *People v. Moon*, 2022 IL 125959.  "The commonality of these errors is that they affect the framework within which the trial proceeds, rather than mere errors in the trial process itself." *Jackson*, 2022 IL 127256, ¶ 29. To obtain reversal under the second prong of plain error, the defendant bears the burden to show that the error caused a *severe* threat to the fairness of the proceeding."  (Emphasis in original.) *People v. Herron*, 215 Ill. 2d 167, 187 (2005).

¶ 20      Even assuming *arguendo* that the trial court's entry of judgment in this case absent proof of the Village's prosecutorial authority was error, it did not rise to the level of a structural error that threatened the fairness or reliability of the trial.  The defendant was represented by counsel and had a full opportunity to challenge the charges against her.  She does not allege that the trial court or the jury was biased or that the framework in which the trial was conducted rendered the

6

proceedings fundamentally unfair or unreliable. She does not claim that she was prevented from mounting an adequate defense, putting on evidence, cross-examining the State's witnesses, or presenting arguments during closing. She does not claim that the jury instructions incorrectly stated the law. She merely argues that the Village lacked the statutory authority to prosecute her. In sum, she argues that the prosecution was brought by the wrong party, not that the proceedings themselves were fundamentally unfair or unreliable.

¶ 21                                    CONCLUSION

¶ 22          For the foregoing reasons, we affirm the defendant's conviction.

¶ 23          Reversed.